UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,

                                              20-cr-301 (PKC)

     -against-

                                               OPINION
                                              AND ORDER

VICTOR RODRIGUEZ, et al.,

              Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.:

        Defendant Victor Rodriguez is charged with participation in a conspiracy to distribute a controlled substance and murder in furtherance of the conspiracy. No trial date has been set in this action.

        Defendant's counsel has applied to the Court ex parte for the issuance of subpoenas, pursuant to Rule 17, Fed. R. Crim. P., as part of defendant's "mitigation investigation in aid to plea negotiations and expected sentencing." (Letter of Nov. 9, 2020 at 1.) It suffices to note that nine subpoenas are directed to governmental entities that have provided services to the now 34-year-old defendant at any point in his life, including childhood. They do not focus on any particular event or circumstance but cover "myriad personal records" (id.) relating to educational, medical, psychological, rehabilitative or social services to defendant over a lifetime.

        The considerations relevant to a Court's sentencing decision are broad and include the history and characteristics of a defendant, as well the need for educational or vocational training, medical care, or other treatment. 18 U.S.C. § 3553(a)(1) & (2)(D). The Court assumes that the information sought by the subpoenas could be helpful in some way to the

defendant in plea negotiations and at sentencing.  The question before the Court is whether the issuance of the subpoenas are proper under Rule 17.

DISCUSSION

Rule 17(c)(1) provides that "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

The Supreme Court has limited Rule 17 subpoenas to materials that are "evidentiary" in nature and has noted that the rule "was not intended to provide an additional means of discovery."  Bowman Dairy Co. v. United States, 341 U.S. 214, 219-20 (1951).  A party seeking compliance with a Rule 17 subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'"  United States v. Nixon, 418 U.S. 683, 699-700 (1974) (citing United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y. 1952) (Weinfeld, J.)).

The Due Process Clause unquestionably applies to sentencing proceedings, but defendant's rights at such a proceeding are not identical to those that he would have at a trial or other evidentiary hearing.  United States v. Martinez, 413 F.3d 239, 244 (2d Cir. 2005); United States v. Delacruz, 862 F.3d 163, 175 (2d Cir. 2017) ("[I]t has long been established that the Due Process Clause does not restrict a court with respect to the type of information it may consider

for purposes of sentencing."). "Both the Supreme Court and this Court. . . have consistently held that the right of confrontation does not apply to the sentencing context and does not prohibit the consideration of hearsay testimony in sentencing proceedings." Martinez, 413 F.3d at 242-43 (citing Williams v. Oklahoma, 358 U.S. 576, 584 (1959); Williams v. New York, 337 U.S. 241, 246-51 (1949); United States v. Simmons, 164 F.3d 76, 79 (2d Cir. 1998); United States v. Streich, 987 F.2d 104, 107-08 (2d Cir. 1993)).

The Court need not decided whether a Rule 17 subpoena properly may be issued for materials for use in an evidentiary hearing to resolve disputed issues of fact in the sentencing context. See United States v. Fatico, 579 F.2d 707 (2d Cir. 1978). But the Court holds that Rule 17 subpoenas may not be served in aid of plea negotiations nor a sentencing proceeding where no factual dispute has yet emerged. Diligent counsel may endeavor to develop information for use in negotiations or sentencing through family, friends, employers and willing community members. Written authorizations by a defendant to an institution to release confidential information may facilitate obtaining some categories of information.

Defense counsel has acted in the utmost good faith in seeking the subpoenas. The Court has little doubt that a Court-authorized subpoena would expedite and streamline the process of obtaining the information, but the routine use of subpoenas for plea negotiations and sentencing proceedings would be an unwarranted expansion of Rule 17.

CONCLUSION

For these reasons, the application of Victor Rodriguez for the issuance of nine subpoenas as part of a mitigation investigation in aid of plea negotiations and sentencing is DENIED.

- 4 -

SO ORDERED.

*P. Kevin Castel*
P. Kevin Castel
United States District Judge

Dated: New York, New York
　　　 November 12, 2020